UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Scott S. Maifeld  Debtor | Chapter 13  Case No. 11-17986 |
| Scott S. Maifeld, Plaintiff, v. West Coast Life Insurance Company, Defendant | ADVERSARY PROCEEDING  No. _____ |

COMPLAINT

NOW COMES Scott S. Maifeld, debtor in the above captioned matter, and complains of the defendant as follows:

PARTIES AND JURISDICTION

1. Maifeld commenced his chapter 13 case by filing a petition on August 23, 2011.
2. On the petition date, Maifeld was a resident of Lynnfield, Massachusetts. Consequently venue of the bankruptcy case and of this complaint is appropriate in this court.
3. Among property of the bankruptcy estate is Maifeld's rights as a beneficiary of a life insurance policy on the life of his mother, Gloria Vant.
4. The policy was issued by defendant West Coast Life Insurance Company (hereinafter "West Coast" or "the company"), or its predecessor. West Coast has an office in Birmingham, Alabama. The policy number is Z01206865.
5. This is a core proceeding within the meaning of 28 USC §157, as it seeks to liquidate property of the estate, i.e., Maifeld's claim against West Coast, as further described below. To the extent permitted by law, Maifeld assents to entry of a final order by this court, subject to his appellate rights.

PERTINENT FACTS

6. As of the petition date, Vant was alive and receiving care in a nursing home.
7. Due to her physical and mental health, Maifeld had been appointed a guardian for Vant. As such, he was responsible for paying her bills, including the premiums for this life insurance policy.
8. Vant died on September 10, 2011, essentially from old age related conditions.
9. Soon thereafter, West Coast was notified of her death and was asked to provide a claim form. On November 2, 2011, West Coast acknowledged being notified and provided a claim form.

10. On November 22, 2011, a "Sr. Claims Specialist" named Janice Wisner acknowledged receipt of the claim and stated that when the claim had been reviewed, West Coast would notify Maifeld of the decision.

11. On December 6, 2011, West Coast sent a letter to Maifeld's undersigned attorney in which it denied Maifeld's claim. West Coast's reason for denial of the claim was that a premium payment was not made and thus the policy was cancelled.

## COUNT I – UNFAIR AND DECEPTIVE INSURANCE CLAIM PRACTICES

12. Due to other matters in the underlying bankruptcy case, no further activity ensued on this claim until August 3, 2012. At that time, a letter was sent to West Coast disputing the denial of the claim and notifying West Coast that Maifeld believes the denial was an unfair and deceptive insurance claim practice within the meaning of Chapter 176D of the Massachusetts General Laws, and of Chapter 93A, generally.

13. The August 3 letter provided the following chronology:

| Date | Description |
| --- | --- |
| 7/18/11 | First Notice of premium due |
| 8/23/11 | Petition date |
| 8/29/11 | Second Notice (36 days after First Notice) |
| 9/10/11 | Date of death (12 days after Second Notice) |
| 9/16/11 | Last Notice (6 days after date of death) |
| 10/8/11 | Last date for reinstatement (22 days after date of death) |
| 11/8/11 | Date claim signed by Maifeld |

14. As this chronology shows, the policy had NOT been cancelled as of the date of Vant's death, or at a minimum Maifeld had the right to reinstate the policy by paying the premium.

15. On August 13, West Coast acknowledged receipt of the August 3 letter and stated that it was "reviewing the file".

16. On August 24, West Coast wrote again and acknowledged receipt of notice of the bankruptcy case, but nonetheless reiterated its denial of the claim.

17. On September 18, Maifeld's undersigned counsel faxed a letter to West Coast rejecting West Coast's reasoning for denying the claim, and again asserting a claim pursuant to Chapter 176D and 93A.

18. West Coast acknowledged receipt of the September 18 fax by letter dated September 19.

19. To date hereof, West Coast has not responded in any other fashion to the September 18 letter.

20. By reason of Maifeld's fiduciary obligations as Vant's guardian, Maifeld was personally liable for payment of the premium. Nonetheless, West Coast has failed and refused to

honor Maifeld's claim against the policy.

21. Maifeld has been damaged thereby.

### COUNT II – VIOLATION OF THE AUTOMATIC STAY

22. Maifeld's obligation to pay the premium was a debt within the meaning of the bankruptcy code.
23. Furthermore, Maifeld's right to reinstate the policy (assuming that it was properly cancelled) is a property right within the meaning of the bankruptcy code.
24. Cancelling the policy post-petition for non-payment was a violation of the automatic stay because it was an act to collect a pre-petition debt, the unpaid premium. At the time, however, West Coast did not have notice of the bankruptcy case due to its inadvertent omission from Schedule F. Subsequently, however, Schedule F was amended and West Coast was provided notice.
25. West Coast subsequently acknowledged receipt of notice in the August 24, 2012, letter. At that point, West Coast's act in cancelling and/or refusing to reinstate the policy, and denying the claim, became willful and knowing violations of the automatic stay.
26. West Coast did not file a proof of claim and therefore cannot demand payment of the premium, which is a dischargeable debt.
27. Notwithstanding that the obligation to pay the premium is dischargeable and cannot be paid during this chapter 13 case, the post-petition cancellation of the policy and refusal to pay the claim because of non-payment is a violation of the automatic stay.
28. Maifeld has been damaged thereby.

WHEREFORE Maifled respectfully requests judgment in his favor in the amount of the policy benefit, trebled pursuant to the statutes, plus attorney fees and costs, and such other or different relief as is meet and just.

Dated:   November 9, 2012

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　Scott S. Maifeld,
　　　　　　　　　　　　　　　　　　　　By his attorney,

　　　　　　　　　　　　　　　　　　　　/s/   David G. Baker
　　　　　　　　　　　　　　　　　　　　David G. Baker, Esq.
　　　　　　　　　　　　　　　　　　　　236 Huntington Avenue Room 306
　　　　　　　　　　　　　　　　　　　　Boston, MA  02115
　　　　　　　　　　　　　　　　　　　　(617) 367-4260
　　　　　　　　　　　　　　　　　　　　BBO# 634889

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Scott Maifeld | **DEFENDANTS** <br> West Coast Life Insurance Co. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> David G. Baker, Esq.; 236 Huntington Avenue, Room 306; Boston, MA  02115 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

unfair and deceptive insurance claim practices - Ch. 176D and 93A

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Scott Maifeld | BANKRUPTCY CASE NO.<br>11-17986 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Bailey |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *David G. Baker* |||
| DATE<br>November 9, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David G. Baker ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.